UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KAREEN K. WALKER,

    Plaintiff,

v.                                      Case No. 5:24-cv-131-TKW-MJF

SGT. BARNES, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that the District Court dismiss this case without prejudice because Plaintiff failed to comply with two court orders and failed to prosecute this case.

### PLAINTIFF'S COMPLAINT

Plaintiff filed this civil-rights action on June 24, 2024. Doc. 1. Plaintiff claims that two correctional officers at the Jackson Correctional Institution violated the Eighth Amendment. Specifically, Plaintiff alleges that on May 5, 2024, Officer Kimbrell placed his foot in front of Plaintiff's feet as Plaintiff was about to descend stairs, causing Plaintiff to fall and injure his ankle. Plaintiff alleges that Sergeant Barnes used excessive force on Plaintiff in the medical department.

Page 1 of 5

## PROCEDURAL HISTORY

On July 30, 2025, Defendants filed a motion to dismiss this case for Plaintiff's failure to exhaust administrative remedies. Doc. 33. On August 7, 2025, the undersigned ordered Plaintiff to file (1) a response opposing Defendants' motion or (2) a notice of voluntary dismissal. Doc. 34. The undersigned imposed a compliance deadline of September 8, 2025, and warned Plaintiff that failure to comply with the order would result in the court construing his non-compliance as (1) not opposing Defendants' motion to dismiss, (2) not disputing the merits of Defendants' motion to dismiss, (3) consenting to dismissal, and (4) failing to prosecute this case. *Id.* at 2.

Plaintiff did not comply with the August 7 order. Accordingly, on September 23, 2025, the undersigned ordered Plaintiff to explain his failure and to show cause why this case should not be dismissed based on Plaintiff's abandonment of the case and failure to comply with a court order. Doc. 35 (citing N.D. Fla. Loc. R. 41.1; Fed. R. Civ. P. 41). The undersigned imposed a compliance deadline of October 7, 2025 and ordered Plaintiff to include with his reply to the show-cause order a

response opposing Defendants' motion to dismiss. *Id.* (citing N.D. Fla. Loc. R. 7.1).

To date, Plaintiff has not complied with the August 7 order, has not responded to the September 23 show-cause order, and has not filed a response to Defendants' motion to dismiss.

## DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1. A district court also may dismiss a civil action when a plaintiff fails to prosecute the case. *See* Fed. R. Civ. P. 41(b).

It appears that Plaintiff has abandoned this case. Even if Plaintiff has not abandoned it, dismissal is warranted based on Plaintiff's failure to comply with two court orders. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause to avoid dismissal. Accordingly, the District Court should dismiss this case. *See, e.g., Yeh Ho v. Valencia Isles Homeowners Ass'n, Inc.*, 2022 WL 123041 (11th Cir. Jan. 13, 2022) (dismissing case based on prisoner-plaintiff's failure to respond to defendants' motion to dismiss despite being ordered to do so); *Reinhart*

*v. Fid. Invs. Life Ins. Co.*, No. 1:24-cv-123-AW-MJF, Doc. 24 (N.D. Fla. Oct. 7, 2024) (dismissing case based on *pro se* plaintiff's failure to prosecute and failure to comply with a court order after plaintiff failed to respond to defendants' motions to dismiss despite being ordered to do so and being warned that court would construe failure to respond as abandoning the case).

Dismissing this case will not prejudice Plaintiff because Plaintiff retains the ability to refile his claims in a new civil case if he so chooses. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983).

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this civil action without prejudice for Plaintiff's failure to prosecute and failure to comply with court orders.

2. **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this 22nd day of October 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**